IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FORTRESS IRON L.P.,

    Plaintiff,

vs.

FAIRWAY BUILDING PRODUCTS, LLC,

    Defendant.

8:18CV76

MEMORANDUM AND ORDER

This matter is before the court on plaintiff Fortress Iron, L.P.'s ("Fortress") motion for preliminary injunction, Filing No. 19. The court heard oral argument on the motion on June 28, 2018.

I.     BACKGROUND

Fortress is a designer and manufacturer of metal railings. Fortress alleges it authored original installation instructions for installing its railings, posted the information on its website, and included the instruction on the outside of the packaging for the railings. In October 2017, defendant Fairway Building Products, LLC ("Fairway") brought its metal railings to market and posted instructions on its website and on its packages. Fortress contends Fairway's instructions copy its instructions and infringe its copyright on the instructions. Fortress moves for a preliminary injunction enjoining Fairway from using Fortress's instructions and infringing Fortress's copyright.

In support of the motion, Fortress has shown the instructions were created in-house by Fortress employees at a significant cost of money and time. Filing No. 21-1, Index of Evid., Ex. A, Declaration of Matt Sherstad ("Sherstad Decl.") at 1. Fortress

1

learned in late 2017 that Fairway was marketing an allegedly identical railing product with identical packaging and installation instructions. *Id.*, Ex. A, Sherstad Decl. at 2. Fortress lowered its prices in order to compete with Fairway's products. Filing No. 37-5, Index of Evid., Ex. H, Declaration of Jim Ganninger at 1. Fortress applied for and received United States Copyright Registration No. TX0008468254 on January 26, 2018 for its instructions. Filing No. 21-3, Index of Evid., Ex. C, Copyright Registration Certificate. At oral argument, Fortress's counsel stated that its price reductions resulted in lost profits to the company of approximately $45,000 dollars per month for the two months that Fairway sold products with infringing instructions after Fortress registered its copyright.[1]

Fortress's instructions and Fairway's allegedly infringing instructions appear identical in many respects. *Compare* Filing No. 1, Complaint, Ex. A, FE26 Installation Instructions *with id.*, Ex. B, Fairway Steel-Level Stair-Instructions. On February 20, 2018, Fortress filed this copyright infringement action against Fairway under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.

In opposition to Fortress's motion, Fairway has shown that it became aware of the filing of the plaintiff's complaint several days after it was filed. Filing No. 28-1, Index of Evid., Ex. A, Declaration of Greg Burkholder ("Burkholder Decl.") at 1. Without admitting liability, Fairway removed the challenged instructions from its website on or about March 1, 2018, and halted production and shipment of its metal railings from its

---

[1] Subject to certain exceptions, the copyright owner may not sue for infringement under the federal Copyright Act until the owner has delivered "the deposit, application, and fee required for registration" to the United States Copyright Office. 17 U.S.C § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

2

manufacturing operation in China pending a rewrite of the new instructions. *Id.* at 1-2. On or about March 7, 2018, Fairway drafted new instructions and computer-aided design (CAD) drawings ("new instructions") in about four hours. *Id.* at 2; *see* [Filing No. 28](#)- 2 Ex. B, new instructions.

Fairway was officially served with the Complaint on March 19, 2018. [Filing No. 28-1](#), Ex. A, Burkholder Decl. at 2. On or about March 22, 2018, Fairway uploaded the New Instructions to its website. *Id.* at 2. On or about April 19, 2018, Fairway began including the new instructions in all of its metal railing packaging. *Id.* at 2. For purposes of this motion, Fortress does not contend the new instructions infringe its copyright.

Fairway has shown that fewer than 5000 products with the old instructions remain in inventory. *Id.* at 3. Fairway inserted copies of the new instructions in the packages of its unsold inventory of railings that contain the allegedly infringing instructions and posted a yellow "ATTENTION" notice on the outside of the packaging, instructing the customer to disregard the old instructions and follow the new instructions when installing the product. *Id.* at 2; *see* [Filing No. 28-3](#), Ex. C, Photos of Notice & New Instructions; [Filing No. 28-4](#), Ex. D, Notice to Use New Instructions. Fairway has only shipped products with its new instructions since May 8, 2018. [Filing No. 28-1](#), Ex. A, Burkholder Decl. at 2. Fairway has also shown that it would be costly to repackage the products entirely because the equipment it requires to do so remains in China, where it manufactures and packages its products. *Id.* at 2-4.

Fortress seeks an order enjoining Fairway from distributing the remaining inventory unless it is fully re-packaged. Fairway opposes the motion and challenges the validity of Fortress's copyright, contending that parts of Fortress's copyrighted

instructions are functional or otherwise uncopyrightable and asserting affirmative defenses of merger and functionality. Fairway argues that Fortress cannot show irreparable harm or probability of success on the merits. Further, it argues that Fortress's delay in seeking injunctive relief undermines its claim of irreparable harm.

II. LAW

The extraordinary remedy of an injunction should not be granted unless the movant has demonstrated: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*); *Roudachevski v. All-American Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011). The burden of establishing the propriety of an injunction is on the movant. *Roudachevski*, 648 F.3d at 705.

The Copyright Act provides that courts may grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Injunctions under the Copyright Act are governed by traditional equitable considerations. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-93 (2006) (rejecting categorical rules for injunctions in patent cases).[2] The Supreme Court "has consistently rejected invitations to replace traditional equitable considerations with a rule

---

[2] *See also Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (reaffirming the equitable nature of the four-factor framework and applying it to a case involving a preliminary injunction).

4

that an injunction automatically follows a determination that a copyright has been infringed." *Id.* at 392-93.[3]

In deciding whether to grant a preliminary injunction, likelihood of success on the merits is the most significant factor. *Laclede Gas Co. v. St. Charles Cnty.*, 713 F.3d 413, 419-20 (8th Cir. 2013). "To that end, the absence of a likelihood of success on the merits strongly suggests that preliminary injunctive relief should be denied.'" *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013) (quoting *CDI Energy Servs., Inc. v. W. River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009)). A party seeking injunctive relief must show a fair chance of prevailing where a preliminary injunction is sought to enjoin something other than government action based on presumptively reasoned democratic processes. *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs,* 826 F.3d 1030, 1040 (8th Cir. 2016).

A preliminary injunction cannot issue without a showing of irreparable harm. *Dataphase*, 640 F.2d at 114 n.9. It is the movant's burden to "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is

---

[3] Several circuit courts have found that *eBay's* holding requires courts to view as suspect any general rule creating a presumption or an inference in favor of automatically imposing an injunction. *See e.g., Ferring Pharm., Inc. v. Watson Pharm., Inc.,* 765 F.3d 205, 215-17 (3d Cir. 2014) (finding, under *eBay*, that a party bringing a claim under the Lanham Act is not entitled to a presumption of irreparable harm when seeking a preliminary injunction and must demonstrate that irreparable harm is likely); *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995 (9th Cir. 2011) (finding the Ninth Circuit's "long-standing practice of presuming irreparable harm upon the showing of likelihood of success on the merits in a copyright infringement case is no longer good law" under *eBay* and *Winter*); *Salinger v. Colting,* 607 F.3d 68, 77–78 (2d Cir. 2010) (applying *eBay's* holding to preliminary injunctions issued for alleged copyright infringement).

5

a clear and present need for equitable relief.'" *Roudachevski*, 648 F.3d at 706 (quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996)). Harm is not irreparable when a party can be fully compensated for its injuries through an award of damages. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009) (finding no error in district court's determination that harm from "lost customer relationships was equivalent to a claim of lost profits" and "could therefore be compensated" as money damages); *see also Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) (noting that the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies).

"Even when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm." *Roudachevski*, 648 F.3d at 706. A failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction. *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 893 (8th Cir. 2013); *see Harry Brown's, L.L.C.,* 563 F.3d at 319.

A showing of irreparable harm does not automatically mandate a ruling in the plaintiff's favor; the court must proceed to balance the harm to the defendant in granting the injunction. *Hill v. Xyquad, Inc.*, 939 F.2d 627, 630-31 (8th Cir. 1991). The primary question when issuing a preliminary injunction is whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. In the Eighth Circuit, courts look at the threat to each of the parties' rights that would result from granting or denying the injunction to determine the harms that must be weighed. *Baker Elec. Co-*

*op., Inc. v. Chaske*, 28 F.3d 1466, 1473 (8th Cir. 1994). Courts must also consider the potential economic harm to each of the parties and to interested third parties. *Id.*

A district court must also consider whether the issuance of a preliminary injunction serves the public interest before granting preliminary injunctive relief. *Dataphase,* 640 F.2d at 114. There is a public interest in upholding copyright protections. See *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) (involving permanent injuction). In appropriate cases, the value placed on free competition must be weighed against any individual's [intellectual property] interest. See *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 505 (8th Cir. 1987) (involving a trademark infringement action and noting strong public interest in low prices, avoiding monopolies and encouraging, not stifling, competition).

To establish copyright infringement, a plaintiff must show ownership of a valid copyright and that the defendant copied original elements of its work. *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). To establish copying, the plaintiff generally must show that the defendant had access to the material and that there is a substantial similarity between the two works. *Moore v. Columbia Pictures Industries, Inc.*, 972 F.2d 939, 941–42 (8th Cir. 1992).

The merger doctrine is an affirmative defense closely related to the canon of copyright law that ideas are not copyrightable. See 17 U.S.C. § 102(b); *Toro Co. v. R & R Prods. Co.*, 787 F.2d 1208, 1212 (8th Cir. 1986). Under the merger doctrine, copyright protection is denied to some expressions of ideas if the idea behind the expression is such that it can be expressed in only a very limited number of ways. See

*id.*; *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 730 (8th Cir. 2002) (stating that similarity in expression cannot be used to show copyright infringement when there is only one way or only a few ways of expressing an idea). Likewise, functionality is an affirmative defense. *Warner Bros. Entm't v. X One X Prods.,* 840 F.3d 971, 980 (8th Cir. 2016).

III. DISCUSSION

It is plaintiff's burden to show that any harm resulting from its loss of customers or market share is irreparable. It has not met that burden. Fortress concedes that proof of monetary damages, though difficult, will not be impossible. Fortress's injuries are quantifiable in terms of the monetary value of lost sales and can be recovered as money damages.

For purposes of this motion, it is undisputed that Fairway is no longer infringing Fortress's copyrighted instructions. The allegedly infringing conduct was of limited duration and damages for the conduct can reasonably be ascertained. The plaintiff has not demonstrated any irreparable harm if injunctive relief is denied. For the most part, the asserted injury—price erosion and the loss of some customers—has already occurred. If Fortress can prove that the loss was due to Fairway's alleged infringement of its instructions, it will be entitled to damages. The court finds Fairway's proposed solution with respect to the Fairway products remaining in inventory is reasonable. Because Fortress has an adequate remedy at law in an ultimate award of damages, the court finds the motion should be denied.

For the record, the court will discuss the remaining *Dataphase* factors, though the court's findings on irreparable harm are dispositive of the motion. The plaintiff has

demonstrated a fair chance of recovery on its claim. There is no real dispute on the facts of copyright ownership/registration or copying and the plaintiff is likely to prove a prima facie case.

The defendant, however, has asserted defenses of merger and functionality that arguably challenge the validity of the copyright. There is some caselaw to support the defendant's position. At this point in the litigation, the court cannot say that the plaintiff's copyrighted instructions either are or are not deserving of copyright protection as a matter of law. Fairway also argues that Fortress cannot show that the harm reflected in its lost sales or price erosion is the result of the copying of the instructions, rather than to having a competitor in the market, contending that the instructions are not a factor that drives sales. The court finds there may be some merit to that position. Despite questions on Fairway's defenses and Fortress's ability to prove causation, the court finds the probability-of-success factor weighs slightly in the plaintiff's favor.

With respect to the balance of harms, the defendant has shown that fewer than 5000 products with infringing instructions remain in inventory. Those products now warn customers to disregard the infringing instructions and to follow the new instructions. In view of Fairway's actions to remedy the alleged infringement and the availability of damages to compensate for any loss, Fortress cannot show that harm resulting from a denial of the motion would outweigh the harm to the defendant in granting it.

Fairway argues that Fortress's delay in seeking injunctive relief weighs in its favor in a balance of the equities. The court finds that the delay of several months at

the most is not of sufficient duration to affect the court's analysis. Accordingly, the court finds the balance of harms factor weighs slightly in favor of the defendant.

There is a public interest in protecting copyrights, but that interest is dependent on the likelihood that the copyright will be found valid and protectible. There is a countervailing public interest in promoting competition and preventing anti-competitive business practices. There is some suggestion that Fortress seeks to protect its market share. At this stage of the litigation, the court finds the public interest is a neutral factor at best.

Applying the *Dataphase* factors, the court finds that Fortress has not demonstrated the propriety of injunctive relief on its copyright claims. The court concludes that extraordinary relief in the form of an injunction is not warranted. Accordingly,

IT IS ORDERED that the plaintiff's motion for a preliminary injunction ([Filing No. 19](Filing No. 19)) is denied.

Dated this 18th day of July, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge